**DRAKE, HILEMAN & DAVIS, P.C.**
By: Jonathan J. Russell, Esquire
Attorney I.D. No. 66337
Suite 15-Bailiwick Office Campus
P.O. Box 1306
Doylestown, PA 18901
(215) 348-2088                                          ATTORNEY FOR PLAINTIFFS

---

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUADA LALIC and ISMET LALIC, h/w<br>230 Garth Road, Apt. JB2<br>Scarsdale, NY 10583 | : CIVIL ACTION - LAW<br>:<br>: No. |
| v. | |
| CBK LODGE, LP, individually and d/b/a CAMELBACK LODGE AND INDOOR WATERPARK and d/b/a CAMELBACK LODGE and d/b/a AQUATOPIA<br>529 Camelback Road<br>Tannersville, PA 18372 | :<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF SAID COURT:

The Plaintiffs, Suada Lalic and Ismet Lalic, h/w, claim of the Defendant, CBK Lodge, LP, individually and d/b/a Camelback Lodge and Indoor Waterpark and d/b/a Camelback Lodge and d/b/a Aquatopia, an amount in excess of the statutory arbitration limits upon the cause of action whereof the following is a true statement:

## JURISDICTION

1. The matter in controversy, which is the subject matter of this Complaint exceeds the sum or value of $75,000.00, exclusive of interests and costs.

2. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a)(1).

## PARTIES

3. Plaintiffs, Suada Lalic and Ismet Lalic, h/w, are adult individuals residing at 230 Garth Road, Apt. JB2, Scarsdale, Westchester County, New York, 10583.

4. Defendant, CBK Lodge, LP, individually and d/b/a Camelback Lodge and Indoor Waterpark and d/b/a Camelback Lodge and d/b/a Aquatopia (hereinafter referred to as CBK), is a Pennsylvania limited partnership with a principal place of business located at 529 Camelback Road, Tannersville, Monroe County, Pennsylvania 18372.

## STATEMENT OF FACTS

5. At all times relevant hereto, it is believed and therefore averred that the Defendant owned and operated an indoor waterpark at 529 Camelback Road, Tannersville, Monroe County, Pennsylvania and was obligated to keep and maintain said premises in a reasonably safe condition and to warn customers of any dangerous, defective and/or hazardous conditions existing thereon.

6. On February 20, 2017, Plaintiff, Suada Lalic, while a business invitee in the Defendant's establishment, suffered severe injuries when its FlowRider malfunctioned and Plaintiff became pinned inside the mechanical workings of the ride causing severe injuries as described in more specific detail below.

7. At all times relevant hereto, Plaintiff, Suada Lalic, was a business invitee of Defendant's business.

## COUNT I - NEGLIGENCE

8. Plaintiffs, Suada Lalic and Ismet Lalic, h/w, re-allege the allegations set forth in paragraphs one (1) through seven (7) hereof and incorporate them herein by reference as fully as though set forth herein at length.

9. Plaintiff, Suada Lalic's injuries were caused by the negligence and carelessness of the Defendant in that the Defendant:

      a.    knew or should have known through the exercise of reasonable care, that the FlowRider at Defendant's business establishment was and remained in a defective and dangerous condition;

      b.    allowed the FlowRider within Defendant's business establishment to be and remain in a dangerous and defective condition;

      c.    failed to inspect, discover, and repair, shut down and/or maintain the FlowRider within Defendant's business establishment;

      d.    failed to warn the Plaintiff of the dangerous condition of the FlowRider within Defendant's business establishment, which Defendant knew, or should have known existed on the date of Plaintiff's injuries;

      e.    knew or should have known that by allowing a dangerous and defective ride to remain in operation within Defendant's business establishment it would harms its invitees in general and Plaintiff in particular;

      f.    knew or should have anticipated the dangers and the harm that would be caused by allowing business invitees to utilize the FlowRider in its dangerous and defective condition;

      g.    knew or should have known that the dangerous condition of the FlowRider within Defendant's business establishment, presented an unreasonable risk of injury to Plaintiff;

      h.    through reasonable care and inspection could have eliminated the dangerous condition of the FlowRider existing within Defendant's business establishment;

      i.    failed to use reasonable care to eliminate or repair the defective condition of the FlowRider and/or otherwise protect the Plaintiff from resulting injury;

      j.    held out the FlowRider within Defendant's business establishment as a safe activity in which business invitees could engage and be entertained and yet failed to take the necessary and reasonable steps to make the dangerous condition of the FlowRider safe;

      k.    failed to use reasonable care in the maintenance and repair of the FlowRider;

      l.     failed to protect business invitees from foreseeable harm;

      m.    failed to use reasonable care to discover the defective condition;

      n.     failed to use reasonable care to protect the Plaintiff against the dangerous condition within Defendant's business establishment; and

      o.     failed to otherwise exercise the proper degree of care with respect to the rights and safety of the Plaintiff as such duty relates to the FlowRider within Defendant's business establishment.

10.    Defendant knew or should have known of the existence of the hazardous condition prior to the time of Plaintiff, Suada Lalic's injury.

11.    By reason of the negligence and carelessness of the Defendant, the Plaintiff, Suada Lalic, was violently shaken and suffered a sudden and violent shock to her nervous system; severe injury to her bones, ligaments, muscles, nerves and tissues of the body; various aches and pains; mental anguish; shock and disability, including, but not limited to, injuries to her back, left hip, left leg and left foot, as well as a severe shock to her nerves and nervous system, which have in the past and may in the future to cause Plaintiff great pain and suffering.

12.    Plaintiff was unable to undertake duties and activities for a long time in the past and believes that she may suffer impairments and disabilities in the future, which will prevent her from the pursuit of ordinary activities, household services and restrictions and/or limitation in her employment status or earnings capacity.

13.    As a further result of the incident, Plaintiff, Suada Lalic, has in the past and may be obligated in the future to receive and undergo reasonable and necessary medical treatment, supportive counseling, and rehabilitative services for the injuries she suffered.

14.    Solely because of the negligence of Defendant as aforesaid, Plaintiff, Suada Lalic, has been in the past and may in the future be obligated to spend large sums of money for medical attention in an endeavor to treat and cure said injuries, together with other financial damages and losses.

WHEREFORE, the Plaintiffs, Suada Lalic and Ismet Lalic, claim of the Defendant an amount in excess of $75,000.00, plus interest, costs and any other appropriate damages.

## COUNT II - LOSS OF CONSORTIUM

15. Plaintiffs, Suada Lalic and Ismet Lalic, h/w, re-allege the allegations set forth in paragraphs one (1) through twelve (12) hereof and incorporate them herein by reference as fully as though set forth herein at length.

16. Plaintiff, Ismet Lalic, is the spouse of Plaintiff, Suada Lalic. As a result of Defendant's negligence, Plaintiff, Ismet Lalic, has been denied the comfort, society, association and consortium of his wife, Suada Lalic.

17. By reason of said injuries caused by the negligence and carelessness of Defendant as herein alleged, Plaintiff, Ismet Lalic, has incurred or will incur expenses for medical treatment and care together with other miscellaneous expenses in the care and treatment of his wife's injuries, and he may be required to become obligated for additional expenses.

WHEREFORE, Plaintiff, Ismet Lalic, claims of the Defendant an amount in excess of $75,000.00, plus interest, costs and any other appropriate damages.

Respectfully Submitted,

**DRAKE, HILEMAN & DAVIS, P.C.**

BY: _____
Jonathan J. Russell
Attorney for Plaintiffs

Drake, Hileman & Davis, P.C.
PO Box 1306
Doylestown, PA 18901-1306
P: 215-348-2088
F: 215-348-7069
Jrussell@dhdlaw.com
PA 66337